

# THE ATTORNEY GENERAL
## OF TEXAS

January 2, 1989

JIM MATTOX
ATTORNEY GENERAL

Dr. Wilbur L. Meier, Jr.
Chancellor
University of Houston
  System
4600 Gulf Freeway
Suite 425
Houston, Texas 77023

Opinion No. JM-1001

Re: Constitutional author-
ity of an institution of
higher education to refund
bonds issued under "prior
law" (RQ-1406)

Dear Dr. Meier:

On behalf of the University of Houston System, you have
requested an opinion of this office interpreting a portion
of article VII, section 17, of the Texas Constitution.
Article VII, section 17, deals with appropriations and
funding for agencies and institutions of higher education.
Your letter reads in part:

> Subsection (e) of article VII, section 17
> provides in part that the governing board of
> any of the institutions of higher education
> identified in subsection (b) 'may issue bonds
> and notes for the purposes of refunding bonds
> or notes issued under this section <u>or prior
> law</u>. . . .' (Emphasis provided). We request
> your opinion as to the meaning of the empha-
> sized language. Specifically, does the
> phrase 'prior law' refer only to the prede-
> cessor of article VII, section 17, which was
> repealed on November 2, 1982, or does it
> refer to any statute existing prior to the
> adoption of the present article VII, section
> 17?

To better orient the discussion that follows, pertinent
provisions of article VII, section 17, are set out here:

> Sec. 17 (a) In the fiscal year begin-
> ning September 1, 1985, and each fiscal year
> thereafter, there is hereby appropriated out
> of the first money coming into the state
> treasury not otherwise appropriated by the

constitution $100 million to be used by eligible agencies and institutions of higher education for the purpose of acquiring land either with or without permanent improvements, constructing and equipping buildings or other permanent improvements, major repair or rehabilitation of buildings or other permanent improvements, and acquisition of capital equipment, library books and library materials.

. . . .

(e) Each governing board authorized to participate in the distribution of money under this section is authorized to expend all money distributed to it for any of the purposes enumerated in Subsection (a). In addition, unless a single bonding agency is designated as hereinafter provided, such governing board may issue bonds and notes for the purposes of refunding bonds or notes issued under this section <u>or prior law</u>, acquiring land either with or without permanent improvements, constructing and equipping buildings or other permanent improvements, and for major repair and rehabilitation of buildings or other permanent improvements, and may pledge up to 50 percent of the money allocated to such governing board pursuant to this section to secure the payment of the principal and interest of such bonds or notes. . . . In lieu of the authority granted to each governing board herein, the legislature by general law may designate a single agency to issue bonds and notes authorized under this section . . . .

(f) The funds appropriated by this section may <u>not</u> be used for the purpose of constructing, equipping, repairing, or rehabilitating buildings or other permanent improvements that are to be used for student housing, intercollegiate athletics, or auxiliary enterprises.

. . . .

> (1) This section is self-enacting upon the issuance of the governor's proclamation declaring the adoption of the amendment, and the state comptroller of public accounts and the state treasurer shall do all things necessary to effectuate this section. This section does not impair any obligation created by the issuance of any bonds and notes in accordance with prior law, and all outstanding bonds and notes shall be paid in full, both principal and interest, in accordance with their terms. If the provisions of this section conflict with any other provisions of this constitution, then the provisions of this section shall prevail, notwithstanding all such conflicting provisions. (Emphasis added.)

Section 17 uses the "prior law" phrase twice, once in subsection (e) and again in subsection (1). We think it was used in the same sense both times, and in the sense in which the term is used by article VIII, section 1-e of the Texas Constitution. In construing the meaning of a word or phrase in the constitution, resort may be had to other sections of the instrument for the sense in which it is used. State v. Gillette's Estate, 10 S.W.2d 984 (Tex. Comm'n App. 1928, judgmt adopted); Attorney General Opinion JM-533 (1986).

As it is now written, section 17 of article VII was added to the Texas Constitution November 6, 1984, but, as you note, a previous version of article VII, section 17, was repealed in 1982. The repealed provision also had as its object the distribution of funds to colleges and universities for certain purposes, but under a different formula. See Attorney General Opinion H-1129 (1978).

At the same time that former article VII, section 17, was repealed in 1982 (thus eliminating its formula for the distribution of ad valorem tax money to institutions of higher education), the electorate amended article VIII, section 1-e, of the constitution to read:

> Sec. 1-e 1. No State ad valorem taxes shall be levied upon any property within this State.

> 2. All receipts from previously authorized State ad valorem taxes that are collected on or after the effective date of the 1982

> amendment to this section shall be deposited to the credit of the general fund of the county collecting the taxes and may be expended for county purposes. Receipts from taxes collected before that date shall be distributed by the legislature among institutions eligible to receive distributions <u>under prior law</u>. Those receipts and receipts distributed <u>under prior law</u> may be expended for the purposes provided <u>under prior law</u> or for repair and renovation of existing permanent improvements. (Emphasis added.)

Within two months after the repeal of the old article VII, section 17, provision and the adoption of the new article VIII, section 1-e, language, this office construed the phrase "under prior law," as used in the new article VIII section to refer to the repealed article VII, section 17, provision. <u>See</u> Attorney General Opinion MW-594 (1982). That conclusion was reiterated in Attorney General Opinion JM-77 (1983), which found fault with the MW-594 opinion in other respects -- but not in its conclusion that the phrase "under prior law," in article VIII, section 1-e, meant former article VII, section 17:

> The new constitutional amendment [article VIII, section 1-e] states with respect to receipts distributed under prior law, <u>that is, article VII, section 17</u>, that they 'may be expended for . . . .' (Emphasis added.)

Attorney General Opinion JM-77 (1983), at 2.

The new version of article VII, section 17, added to the constitution in 1984, was proposed by Texas House Joint Resolution 19 -- a resolution adopted by the legislature in its final form on May 25, 1983. <u>See</u> H.J.R. 19, Acts 1983, 68th Leg., at 6701. Thus, the drafters of the resolution had available to them Attorney General Opinion MW-594 (1982), which interpreted the phrase "under prior law" as it related to the constitutionally-directed distribution of funds to institutions of higher education pursuant to article VIII, section 1-e. It is our opinion that in re-using the phrase, "prior law," the drafters (and the electorate) intended it to have the same meaning in the new article VII, section 17, provision as it has in the existing, related provision, article VIII, section 1-e.

The phrase, "prior law," if used in a different context, might be readily given a much broader significance, but in arriving at the intent of lawmakers, courts are not limited to the literal language of a provision if it appears from the entire law that a word or phrase was used in a more limited sense. See Moody v. San Saba County Water Control and Improvement District No. 1, 293 S.W. 845 (Tex. Civ. App. - Austin 1927, writ ref'd); see also State ex rel. Grimes County Taxpayers Ass'n v. Texas Municipal Power Agency, 565 S.W.2d 258 (Tex. Civ. App. - Houston [1st Dist.] 1978, writ dism'd).[1]

Subsection (a) of the current article VII, section 17, is careful to limit the use of the distributed funds to four purposes: (1) "acquiring land either with or without permanent improvements," (2) "constructing and equipping buildings or other permanent improvements," (3) "major repair or rehabilitation of buildings or other permanent improvements," and (4) "acquisition of capital equipment, library books and library materials."

Subsection (e) thereof also limits to four purposes the use of bonds and notes secured by a pledge of money allocated by subsection (a): (1) "refunding bonds or notes issued under this section or prior law," (2) "acquiring land either with or without permanent improvements," (3) "constructing and equipping buildings or other permanent improvements," and (4) "major repair and rehabilitation of buildings or other permanent improvements."

The four purposes for which subsection (e) allows bonds to be used are independent of each other. If the phrase, "prior law," as used in subsection (e), were given its widest scope, there would be no restriction upon the type or purpose of former bond issues that an institution of higher education could refund with new bonds secured by constitutionally-allocated funds. That result would be incompatible with the spirit of subsection (f) of section 17, article VII, which forbids the use of such funds for "constructing, equipping, repairing, or rehabilitating buildings or other

---

1. The Moody and Grimes County Taxpayers Ass'n cases involved construction of statutes, not the constitution, but rules for the construction of constitutional provisions are analogous to those for statutory construction. Booth v. Strippleman, 61 Tex. 378 (1884).

permanent improvements that are to be used for student housing, intercollegiate athletics, or auxiliary enterprises."

Subsection (f) does not _expressly_ prevent the use of constitutionally-allocated funds to secure the refunding of bonds or notes issued for the purpose of erecting buildings dedicated to auxiliary enterprises. It is not to be supposed, however, that an institution of higher education could today issue revenue bonds for the construction of an auxiliary enterprise building pursuant to still-existing statutory authority therefor, _see e.g._, Educ. Code §§ 55.13, 61.003(14), and subsequently refund those bonds with bonds secured by funds allocated pursuant to the current provisions of section 17 of article VII. Neither is it to be supposed, in our opinion, that bonds _previously_ issued for auxiliary enterprise purposes might be refunded in that manner. _Cf._ Educ. Code § 55.41 (refunding constitutional bonds and notes).

Attorney General Opinion H-1248 (1978) observed that (former) article VII, section 17, was amended in 1965 to forbid the use of proceeds under that section for auxiliary enterprises. _See_ S.J.R. 24, Acts 1965, 59th Leg., at 2197. When article VIII, section 1-e, was amended in 1982, it restricted the use of distributions made to institutions of higher education to those uses permitted by "prior law" _i.e._, former article VII, section 17. H.J.R. 1, Acts 1982, 67th Leg., 2d C.S., § 1, at 52. That restriction prevented the use of distributed funds for purposes authorized by pre-existing statutes if not also authorized by the former constitutional provision. _See_ Attorney General Opinion JM-77 (1983).

We think it remains the intent and policy of the Constitution of Texas that institutions of higher education look to former article VII, section 17, to discover "prior law" and to determine what bonds or notes issued under "prior law" may be refunded by bonds secured with money allocated to such institutions by article VII, section 17, of the Constitution of Texas. _See generally_ Attorney General Opinion V-848 (1949).

### S U M M A R Y

The phrase, "prior law," as used in subsection (e) of section 17 of article VII of the Texas Constitution, as adopted in 1984, refers to the former provision of the

constitution, also designated article VII, section 17, that was repealed in 1982.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General